UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. GREGORY W. CARMAN, JUDGE

UNITED STATES,
Plaintiff,

v.

GREAT AMERICAN INSURANCE COMPANY OF NEW YORK, SURETY FOR INTERNATIONAL CUSTOM PRODUCTS, INC.
Defendant.

Court No. 13-212

**JOINT MOTION TO STAY CASE**

The United States, plaintiff, and Great American Insurance Company of New York, (GAIC), defendant, pursuant to Rules 1, 6(b) and 7, Rules of the United States Court of International Trade, hereby jointly moves this Court for an order staying this case until thirty days after a decision on the Government's appeal pending in the United States Court of Appeals for the Federal Circuit, captioned, *International Custom Products, Inc. v. United States*, Appeal No. 2013-1176, becomes final.

**STATEMENT IN SUPPORT OF PARTIES' MOTION TO STAY**

It is the parties' position that a stay of this case is appropriate for two reasons: first, to prevent duplicative and burdensome litigation over an issue that is awaiting decision by the United States Court of Appeals for the Federal Circuit, in *International Custom Products, Inc. v. United States*, Appeal No. 2013-1176; and second, to conserve the resources of the Court and the parties until the United States Court of Appeals for the Federal Circuit rules on the issue. *See Leyva v. Certified Grocers of California, Ltd.*, 593

F.2d 857 (9th Cir.), *cert. denied*, 444 U.S. 827 (1979)("*Leyva*") (Kennedy, J.). In *Leyva*, the court stated:

> A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties, enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court. * * * [case citations omitted]. In such cases the court may order a stay of the action pursuant to its power to control its docket and calendar and to provide for a just determination of the cases pending before it.

593 F.2d at 863-64; *accord, Marchal v. AFW Fabric Corp.*, 552 F.2d 471, 474 (2d Cir. 1977) (case stayed pending outcome of closely related case in Supreme Court); *Bechtel Corp. v. Local 215, Laborers International Union of North America*, 544 F.2d 1207, 1215 (3d Cir. 1976) ("a court may hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues"); *Stern v. United States*, 563 F. Supp. 484, 489 (D. Nev. 1983) (stay entered pending outcome of another case before appellate court that "could have a profound effect" on the trial court's proceedings).

The above captioned collection action against GAIC is interconnected with Appeal No. 2013-1176 pending in the United States Court of Appeals for the Federal Circuit. Some of the issues on appeal comprise GAIC's affirmative defenses in this collection action. For example, GAIC's Second Affirmative Defense states the following:

> The notice of action by which Customs and Border Protection effectively revoked a prior ruling letter that applied to the entries that are the subject matter of this suit without following the proper procedure of 19 U.S.C. § 1625(c), and accordingly, this Court lacks subject matter jurisdiction to hear this case pursuant to Rule 12(b)(1) of the Rules of the Court of International Trade.

The very same issue - whether the relevant notice of action revoked NYRL D86228 - is set to be reviewed by the Federal Circuit in Appeal No. 2013-1176. It follows that if the Federal Circuit ultimately overturns the trial court's decision on this issue, then the factual basis for GAIC's Second Affirmative Defense would not be valid. Conversely, the opposite would be true if the Government loses its appeal.

The disposition of the above-captioned action will be facilitated if it is stayed pending the decision in Appeal No. 2013-1176 because the two cases involves a significant and identified common issue of law. The proposed stay should facilitate the disposition of the above-captioned action, eliminating the necessity of retrying the same issue. For all of the foregoing reasons, and in order to provide for a just determination, this Court should grant the parties' motion to hold this case in abeyance pending the outcome of Appeal No. 2013-1176.

WHEREFORE, the parties respectfully request that its motion be granted.

Respectfully submitted,

STUART F. DELERY
Assistant Attorney General

By: BARBARA S. WILLIAMS
Attorney in Charge
International Trade Field Office

EDWARD F. KENNY
JASON M. KENNER
Civil Division, Dept. of Justice
Commercial Litigation Branch
26 Federal Plaza – Suite 346
New York, NY 10278
(212) 264-0480
Attorneys for Plaintiff

GREAT AMERICAN
INSRUANCE COMPANY OF
NEW YORK

By: MARK S. GAMELL
TORRE, LENTZ, GAMELL,
GARY & RITTMASTER, LLP
100 Jericho Quadrangle,
Suite 309
Jericho, New York 11753
Telephone: (516) 240-8900

and

T. Scott Leo
LEO & WEBER, P.C.
One N. LaSalle Street,
Suite 3600
Chicago, Illinois 60602
Telephone (312) 857-0910
Attorneys for Defendant

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE; HON. GREGORY W. CARMAN, JUDGE

| | | |
|---|---|---|
| UNITED STATES,<br>Plaintiff,<br><br>v.<br><br>GREAT AMERICAN INSURANCE COMPANY OF NEW YORK, SURETY FOR INTERNATIONAL CUSTOM PRODUCTS, INC.<br>Defendant. | : | Court No. 13-212 |

**ORDER**

Upon reading the parties' motion to stay this case and upon other papers and proceedings had herein; and upon due deliberation, it is hereby

**ORDERED** that the parties' motion be, and hereby is, granted; and it is further

**ORDERED** that this case be and hereby is stayed until thirty days after a decision on the Government's appeal pending in the United States Court of Appeals for the Federal Circuit, captioned, *International Custom Products, Inc. v. United States*, Appeal No. 2013-1176, becomes final.

Dated ____________________
New York, New York

______________________________
HON. GREGORY W. CARMAN, JUDGE